UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN BERNARD DAVIS | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00188 |
| | § | |
| MATAGORDA COUNTY, ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation of United States Magistrate Judge Andrew Edison. Dkt. 65. This Court referred six motions to Judge Edison pursuant to 28 U.S.C. § 636(b)(1). *See* Dkt. 60

All defendants have filed Objections. *See* Dkts. 68, 70, 71. In accordance with 28 U.S.C. § 636(b)(1), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

Based on the pleadings, the record and the applicable law, the Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. It is therefore **ORDERED** that:

- Judge Edison's Memorandum and Recommendation (Dkt. 65) is **APPROVED AND ADOPTED** in its entirety as the holding of the Court;

- Defendant Matagorda County's Motion to Dismiss (Dkt. 30) is **DENIED**; County Commissioner James Gibson's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 31) is **GRANTED in part** and **DENIED in part**; Defendant, William David Anders', *in his official and individual capacities*, Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) and Based on Qualified Immunity (Dkt. 32) is **GRANTED in part** and **DENIED in part**; and Defendants' Joint Motion to Stay Discovery (Dkt. 33) is **DENIED as moot**;

- Specifically, (i) the First Amendment retaliation claim brought against Anders be dismissed because he is entitled to qualified immunity; (ii) the race discrimination claim brought against Commissioner Gibson under Section 1981 be dismissed; (iii) the hostile work environment claim brought against Commissioner Gibson under Section 1981 be dismissed; (iv) Defendants' Joint Motion to Stay Discovery be denied as moot; and (v) in all other respects, Defendants' motions to dismiss be denied; and

- In the interest of clarity, the following claims survive this ruling: (1) all claims against the County; (2) hostile work environment (Section 1981 and Equal Protection Clause) against Anders (individual capacity); (3) race discrimination (Section 1981 and Equal Protection Clause) against Anders (individual capacity); (4) race discrimination against Commissioner Gibson (Equal Protection Clause) (individual capacity); (5) hostile work environment against Commissioner Gibson (Equal Protection Clause) (individual capacity); and (6) First Amendment retaliation against Commissioner Gibson (individual capacity).

It is so **ORDERED**.

SIGNED at Galveston, Texas, this 26th day of March, 2019.

George C. Hanks Jr.
United States District Judge