UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN BERNARD DAVIS | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00188 |
| | § | |
| MATAGORDA COUNTY, ET AL. | § | |
| | § | |
| Defendants. | § | |

# ORDER

The issue before the Court is whether to stay all discovery in this case or allow certain discovery to proceed while the two individual defendants appeal this Court's denial of their motions to dismiss on qualified immunity grounds. For the reasons set forth below, the Court holds that Plaintiff Kevin Bernard Davis ("Davis") and Matagorda County may proceed with written discovery against each other, but all other discovery is stayed until the Fifth Circuit issues a ruling on the interlocutory appeal.

## BACKGROUND

Davis worked for Matagorda County on the Precinct 3 Road and Bridge Maintenance crew. After Matagorda County fired Davis from his position in early 2018, he filed this lawsuit against Matagorda County, Precinct 3 County Commissioner James Gibson ("Gibson") and Precinct 3 foreman William David Anders ("Anders"). Davis claims that during his tenure with Matagorda County he was subjected to a workplace filled with discriminatory intimidation, ridicule, and insult, all based on his race. He alleges that Gibson and Anders were both aware of, participated in, and encouraged others to

participate in creating a hostile work environment. In the First Amended Complaint, Davis asserts causes of action for violations of 42 U.S.C. § 1981, 42 U.S.C. §1983, the First Amendment, and the Fourteenth Amendment.

Matagorda County, Gibson, and Anders each moved to dismiss the lawsuit in its entirety. In seeking dismissal, Gibson and Anders both asserted the defense of qualified immunity from Davis's claims. The Court denied Matagorda County's Motion to Dismiss and granted in part and denied in part Gibson's and Davis's Motions to Dismiss. With respect to Gibson, the Court denied him qualified immunity from Davis's First Amendment and Fourteenth Amendment claims. As far as Anders is concerned, the Court denied him qualified immunity from Davis's Section 1981 and Fourteenth Amendment claims.

Gibson and Anders have each filed a notice of interlocutory appeal with the Fifth Circuit, challenging the denial of their motions to dismiss based on qualified immunity.

Davis recently noticed depositions for 16 current and former Matagorda County employees and officials, including Gibson and Anders. In response to this flurry of activity, Matagorda County filed a Motion for Protection, Motion to Stay Discovery, and Motion to Quash Depositions and Subpoenas Duces Tecum, asking this Court to stay all discovery. *See* Dkt. 73. Likewise, Gibson and Anders have each filed their own motions to stay the case pending the interlocutory appeal. *See* Dkts. 89 and 90.

## ANALYSIS

Once a notice of appeal is filed from a district court's order denying a motion to dismiss based on qualified immunity, the district court loses jurisdiction with respect to

any matters involved in the appeal.[1] *See Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). This does not mean that all proceedings in the district court come to an abrupt stop. Instead, "the district court may still proceed with matters not involved in the appeal." *Id.* at 564–65 (quoting *Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981)).

Courts across the nation often issue a blanket stay of all discovery pending an interlocutory appeal in qualified immunity cases. *See, e.g., Sosa v. Hames*, No. 05-23079-CV-ALTONAGA, 2006 WL 1284927, at *1 (S.D. Fla. May 3, 2006) (staying proceedings as to all parties during interlocutory appeal by one officer based on qualified immunity "in the interest of conserving the parties' and judicial resources"); *Summit Medical Assocs., P.C. v. James*, 998 F. Supp. 1339, 1342 (M.D. Ala. 1998) ("[A] stay of proceedings in the district court is required where a public official takes an interlocutory appeal to assert a non-frivolous claim to absolute or qualified immunity."). These stays are designed to protect public officials from "unnecessary and burdensome discovery or trial proceedings" while the interlocutory appeal is being decided. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). *See also Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself.") (citation omitted). That being

---

[1] A district court order denying a motion to dismiss based on qualified immunity is immediately appealable. *See, e.g., Richardson v. McKnight*, 521 U.S. 399, 402 (1997) (allowing interlocutory appeal of denial of motion to dismiss based on qualified immunity); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision'").

3

said, a complete stay of all discovery pending an interlocutory appeal in a qualified immunity case is neither mandated nor automatic.

Because a district court retains jurisdiction to proceed on unrelated claims, it is fully within a judge's discretion to permit discovery to continue on claims separate and apart from those at issue in the interlocutory appeal, as well as those claims brought against parties who have not moved for dismissal based on qualified immunity.[2] Indeed, examples abound of judges staying selected discovery during the pendency of an interlocutory appeal on qualified immunity while allowing other discovery to proceed unabated. *See, e.g., R.F.J. v. Fla. Dep't of Children and Families*, No. 3:15-CV-1184-J-32JBT, 2017 WL 11004970, at *1–2 (M.D. Fla. Feb. 24, 2017) (staying discovery against two individual defendants on select causes of action while an interlocutory appeal is pending, but authorizing discovery to proceed against those same individual defendants and a governmental entity on claims not subject to the interlocutory appeal); *Stumpf v. City of Dallas*, No. 3:15-CV-1944-N, 2016 WL 10749149, at *1–2 (N.D. Tex. May 25, 2016) (staying discovery pending appeal against an individual defendant asserting qualified immunity claims, but allowing discovery against a municipality to proceed as to other remaining claims); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733–34 (N.D. Tex. 2014) (same); *K.M. v. Ala. Dep't of Youth Servs.*, 209 F.R.D. 493, 495–96 (M.D. Ala. 2002)

---

[2] "The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). At the same time, the Fifth Circuit has noted that while district courts have general discretionary power to stay proceedings, it is an abuse of this discretion to issue stay orders of an indefinite duration. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

(staying discovery as to supervisors who appealed denial of qualified immunity, but allowing plaintiffs to collect limited information from those supervisors who did not appeal the denial of qualified immunity).

The defense of qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Aschroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (citation omitted). To this end, there is no question Davis is foreclosed from pursuing any and all discovery aimed at Gibson and Anders relating to the claims currently subject to the qualified immunity appeal. To his credit, Davis does not quarrel with this basic premise. Instead, Davis argues that he should be able to proceed with full-fledged discovery relating to his claims against Matagorda County since the qualified immunity defense is unavailable to the County. *See Owen v. City of Independence*, 445 U.S. 662, 638 (1980). In making this argument, Davis readily acknowledges that the discovery he seeks would include depositions of Gibson and Anders since they are key fact witnesses with respect to his claims against Matagorda County.

A careful review of the First Amended Complaint reveals that the allegations brought against Matagorda County are inextricably intertwined with the factual allegations and legal claims raised against Gibson and Anders. This is not contested. The parties fully agree that the fundamental premise of this lawsuit is that Gibson and Anders, as Matagorda County policymakers, engaged in improper conduct and/or failed to prevent improper conduct from occurring. Given these allegations, Gibson and Anders ask "the Court to

5

stay all proceedings because the claims against [them] and Matagorda County are so interwoven that [they] would likely be forced to participate in depositions to protect [their interests] while the Fifth Circuit considers [their] interlocutory appeal." Dkt. 89 at 2. *See also* Dkt. 90 at 5–6 ("[B]ecause Plaintiff complexly intertwines his factual allegations and claims against all defendants[,] . . . Defendant Anders must participate in any discovery in order to adequately defend himself and preserve his rights. Therefore, only a stay of all proceedings preserves the benefits of qualified immunity for Defendant Anders.").

The Court certainly recognizes that the testimony of Gibson and Anders will be required no matter what happens with respect to the interlocutory appeal. If the Fifth Circuit determines that Gibson and Anders are not entitled to qualified immunity, they will remain as defendants, with Davis fully entitled to take their depositions as part of the discovery process. And even if the Fifth Circuit finds that Gibson and Anders are entitled to qualified immunity, they would nonetheless remain material witnesses with respect to the claims against the County.

The Court also understands and appreciates Davis's argument that any stay of discovery, accompanied by the inexorable passage of time, will "increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton v. Jones*, 520 U.S. 681, 707–08 (1997). Although this fear is always present when a court contemplates entering a discovery stay, it is less of a concern in this case since only a year has passed since the underlying events giving rise to this lawsuit actually occurred.

Ultimately, however, the Court is persuaded by the argument that allowing full-scale discovery to proceed against Matagorda County will put an enormous burden on Gibson and Anders, forcing them and their counsel to actively participate in the discovery process while their qualified immunity appeal is pending before the Fifth Circuit. This burden, in the Court's mind, outweighs any potential risk of a loss of records or witnesses occasioned by the delay caused by the appeal of the district court's immunity ruling. As the Supreme Court has forcefully explained:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685–86. Given that the factual claims against all the defendants in this case are so closely interwoven, Gibson and Anders would, unquestionably, be entitled to re-take those depositions that take place while the interlocutory immunity appeal is pending. In the Court's view, it defies common sense to allow such wide-ranging and intrusive discovery when such discovery will simply have to be repeated if the Fifth Circuit affirms this Court's qualified immunity determination. In the interest of conserving resources (both the resources of the parties and the judicial system), the Court believes that all discovery on claims related to those made the subject of the interlocutory appeal shall be stayed until the Fifth Circuit issues a ruling on the qualified immunity appeal. *See Wilson v. Sharp*, No. 17-84-SDD-EWD, 2017 WL 4685002, at *2 (M.D. La. Oct. 18, 2017)

7

("[S]taying all discovery to permit resolution of the qualified immunity defense that has been asserted by [the individual defendants] furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically at them), pending resolution of the defense.").

That leaves open the question whether any discovery at all should proceed against Matagorda County since the County cannot rely on the qualified immunity defense. Matagorda County argues that "it is most efficient to stay all discovery against all defendants until the qualified immunity issues on interlocutory appeal are resolved." Dkt. 76 at 3.[3] The Court disagrees. The case against Matagorda County will proceed no matter how the Fifth Circuit comes out on the immunity issue. In light of this outcome, the Court sees no reason to preclude Davis from pursuing written discovery—requests for production, requests for admission and interrogatories—against Matagorda County. Such discovery will allow Davis to obtain relevant information regarding his claims against Matagorda County and ensure that all relevant, responsive documents are timely exchanged and not lost to time nor space. *See Imani v. City of Baton Rouge*, No. 17-439-JWD-EWD, 2018 WL 2208221, at *7 (M.D. La. May 14, 2018) (staying most discovery pending a determination of the qualified immunity defense, but allowing the plaintiff and

---

[3] Matagorda County also argues that discovery should be stayed until the Equal Employment Opportunity Commission ("EEOC") completes its investigation into the Charge of Discrimination Davis filed with the EEOC in May 2018. This Court will follow Fifth Circuit precedent directly on point and reject the request for a stay on these grounds. *See Hines v. D'Artois*, 531 F.2d 726, 736 (5th Cir. 1976) (an order staying Section 1981 and Section 1983 claims pending completion of EEOC Title VII proceedings is immoderate and unlawful because it imposes on the parties a requirement that Congress had rejected: that the plaintiff exhaust Title VII remedies before pursuing remedies under Section 1981 or Section 1983).

those defendants who did not assert a qualified immunity defense to engage in written discovery).

## CONCLUSION

For the reasons identified above, the Court holds that Davis and Matagorda County may proceed with written discovery against each other, but all other discovery is stayed until the Fifth Circuit issues a ruling on the interlocutory appeal. The Court further vacates the current docket control dates, including the trial date of this case, and will put a new schedule in place once the Fifth Circuit issues a ruling resolving the qualified immunity issue.

SIGNED at Galveston, Texas, this 30th day of April, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE